Tucker, P.
In this case, I am of opinion, that according to general principles and the spirit of our decisions, the notice is no part of the record. “ The parties came by their attorneysthe defendant appeared, and having made no objection to the proceeding for want of notice, and having filed no bill of exceptions, we must take it, that there was a due notice proved in each of these several motions. The acts of the court must be presumed to have been right, unless the party has placed upon the record the evidence of its errors. There are several cases that bear on the point: Glascock’s adm’rx v. Dawson, 1 Munf. 605. Bronaughs v. Freeman’s ex’or, 2 Munf. 266. Beale v. Willson, 4 Munf. 380. Burke, adm’r v. Levy’s ex’ors, 1 Rand. 1. Couch v. Miller, 2 Leigh, 545. It would be strange, indeed, if the certificate of the clerk of a county court, where the minutes only are signed by the court, should be taken as ascertaining what papers were read upon a trial, instead of the court itself being called upon to ascertain them by the solemnity of a bill of exceptions. It is an anomaly which cannot be admitted, since the court would find it difficult indeed, to pronounce how far the practice should be extended, and where to fix its limits.
If the notice be out of the case, then these five judgements of the county court are utterly independent of each other; and here we have a single supersedeas to all of them. This cannot be right. The supersedeas, where it has the character 'of original process, as it has here, partakes of the *615 character of a writ of error : and a writ of error, it is presrnned, will not lie to several distinct and separate judgements. Such a practice would lead to great difficulty and embarrassment. The supersedeas, therefore, was improvidentiy awarded by the circuit court; and if so, this court, instead of affirming the judgements of the county court, must, in proceeding to render such judgement as the circuit court ought to have given, dismiss the supersedeas, as improvidently awarded.
A party defendant who is harassed by a variety of actions, which might be properly united in one suit, is not without a remedy. lío may move to consolidate them; and if that motion be overruled, the error may doubtless be corrected by a superiour tribunal; in what manner, it is not necessary for me to say, except that a supersedeas is not the proper remedy, where it does not appear from the record, that such a motion was made or rule applied for. In this case, no such step was taken, and it was not therefore competent to the circuit court to look into the matter. In every point of view, I am of opinion, that the supersedeas was improvidently awarded.
The other judges concurred.
After this opinion had been announced, Johnson insisted, that Ayres, the plaintiff in error here, was entitled to judgement for his costs in the circuit court, as well as in this court; and also to damages for retarding the execution of the judgements of the county court, now finally affirmed by this court, under the statutes, 1 Rev. Code, ch. 64. § 11. ch. 69. § 61. pp. 192. 240.
The judgement of the court was, that the judgement of the circuit court be reversed, and that the defendant should pay the plaintiff in error, his costs expended in prosecuting his supersedeas here: and this court, proceeding to render such judgement as the circuit court ought to have rendered, *616 ordered, that the supersedeas awarded by the circuit court to the judgement of the county court, at the instance of Lewellin, should be quashed, as having been improvidently awarded, and that he should pay Ayres, the plaintiff in error here, his costs about his defence in the circuit court expended. But the court gave no damages.